[No. 3155. Decided November 22, 1898.]

THE STATE OF WASHINGTON *on the Relation of O. V. Linn*, v. BYRON MILLETT.

SUPERIOR COURT JUDGES—ELECTION TO FILL VACANCY—WHEN UNEX-
PIRED TERM BEGINS.

A judge of the superior court, who has been elected to fill an unexpired term, is entitled to qualify and take office as soon as the result of the election has been declared, under art. 4, § 5, of the constitution, which provides that "if a vacancy occurs in the office of judge of the superior court the governor shall appoint a person to hold the office until the election and qualification of a judge to fill the vacancy, which election shall be at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term," as the constitutional provision fixing the second Monday in January succeeding their election as the date when officers shall qualify applies exclusively to original terms beginning on that date, and not to unexpired terms.

*Original Application in Quo Warranto.*

*Joseph W. Robinson,* and *A. J. Falknor,* for relator.
*Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

GORDON, J.—At the general election in this state in November, 1896, Charles H. Ayer was elected to the position of judge of the superior court of Thurston county for a full term of four years, beginning the second Monday in January following his election. Judge Ayer qualified and

performed the duties of his office until his death, which occurred in March, 1898, and thereupon the governor appointed respondent to fill the vacancy. At the general election held on the 8th of this month the relator was elected to fill the unexpired term; that is, to fill the remainder of the term for which Judge Ayer was elected, which term will expire the second Monday in January, 1901. The relator qualified and demanded possession of the office, and, being refused, instituted the present proceedings. Section 5 of article 4 of the constitution provides as follows:

"   .   .   .   If a vacancy occurs in the office of judge of the superior court, the governor shall appoint a person to hold the office until the election and qualification of a judge to fill the vacancy, which election shall be at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term."

The case must turn upon the construction of this provision of the constitution, and it is conceded by counsel that no case is to be found which has any direct bearing upon the question. The respondent's position is that since, under the constitution, the different state officers are required to qualify on the second Monday in January succeeding their election, the relator in this case is not entitled to take office until such time; while the relator's position is that, having been elected to fill an unexpired term, he is entitled to qualify and take office as soon as the result of such election has been declared. We think the relator's position is well taken, and that the respondent's position cannot be maintained. The provision of the constitution which fixes the second Monday in January succeeding their election as the time when the different state officers, including superior judges, shall qualify, relates exclusively to original terms or terms beginning in January following the election; while the provision of § 5, art. 4, *supra,* which

controls this case, applies only to cases where a vacancy exists, and the party elected is to serve the remainder of a term then current. The commission of the governor only entitles the holder to retain office until his successor is elected and qualified, and the word "remainder," as found in that section, relates to the term existing at the date of the election, not to a term beginning some months later. We have in this state biennial elections. If respondent's position is correct, and a vacancy should occur at any time within two years prior to the last election preceding the commencement of a new term, the provision of the constitution referred to, which requires a successor to be elected at the next ensuing election, would be meaningless, because, if he could not qualify until the January following his election, it would follow that the term would have already expired,—a condition which we think is not contemplated by any fair construction of the constitution, and certainly not within the letter of it. Counsel for the respondent has urged upon the consideration of the court the importance of having a fixed and certain time at which elected officers shall qualify, and argues that great public inconvenience might follow if it were held that a judge elected to fill a vacancy might qualify any time after the result of the election is declared. But we think the inconvenience that is apprehended is largely imaginary, and no construction that can be suggested would render complications impossible. It can make little difference whether the duties of the appointed judge terminate on the second Tuesday in November or the second Monday in January. However, the constitution plainly limits the right of the appointed judge to hold until the election and qualification of his successor at the next succeeding general election. We cannot well conceive how language could make the proposition plainer, and think there is little, if any, room for construction.

The relator is entitled to the writ.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.