# CHARLESTON.

ALLEY AND BOGGS *v.* MUSICK AND BROWNING.

Submitted January 18, 1911.   Decided January 24, 1911.

1. MANDAMUS—*Parties.*
   Persons having wholly separate and distinct rights cannot join as relators in *mandamus.*

2. OFFICERS—*Terms—Designation—Effect.*
   Political nominations made and elections held to fill two offices, in respect to each of which there is legally an unexpired term and to one of them also a regular term, which the voters could fill at the time, by election making as to one office a term of about two years and eight months and as to the other of about four years and eight months, in a practical sense, are deemed to have been made and held for the purpose of filling the offices as fully and completely as the voters had right and power to fill them, such nominations having been made and elections held under designations of a "two year 'term" and a "four year term", respectively.

M. G. Alley and Elihu Boggs' petition for writ of *mandamus* to E. E. Musick and Scott Browning.

*Writ Denied.*

*G. R. C. Wiles* and *B. Randolph Bias,* for petitioners.

*Stokes & Bronson, Sheppard, Goodykoontz & Scherr,* and *S. U. G. Rhodes,* for respondents.

POFFENBARGER, JUDGE.

M. G. Alley and Elihu Boggs, each claiming to be a member of the Board of Education of Magnolia District in Mingo County, by appointment of the County Superintendent of Free Schools of said county, procured from this Court an alternative writ of *mandamus,* on their joint petition, commanding E. E. Musick and Scott Browning; claiming the same offices, by election, and exercising their powers, and Joseph Simpkins, claiming the office of president of said board and exercising its powers, to admit them to said offices or show cause why they shall not be compelled to do so by a peremptory writ.

We refuse the peremptory writ for two reasons. The relators claim separate and distinct rights and cannot proceed jointly as they have attempted to do; and neither of them has title to the office he seeks.

Persons having several and distinct interests cannot join as relators in *mandamus.*  26 Cyc. 408; Merril on Man., sec. 232.

The material facts, pertaining to the merits, are as follows: Prior to the general election, held in November, 1910, the two commissioners of the board had vacated their offices, and the county superintendent had filled the vacancies by appointment until "the next general election", in conformity with the statute. One of the unexpired terms, so filled for the time being, will end June 30, 1911, after which a new regular term of four years will commence.; and the other will terminate June 30, 1913. Prior to the election, both the republican and democratic parties of the district held conventions and nominated candidates for these offices, each designating one as a candidate for a "four year term" and the other for a "two year term." The respondents, Musick and Browning, were elected. As the nominations, candidacies and elections were not designated, in the nominating certificates, poll books, tally sheets, ballots and certificates of results, as having been for unexpired terms or regular terms, the county superintendent, deeming no election for unexpired terms to have occurred, regarded the offices as still vacant and again appointed the relators. Meantime, the respondents had qualified and entered upon the duties of the offices. The designations of terms, above stated, were inaccurate and bear evidence of misdescription on their faces, since there was not, in law, any two year term, and, in law, there were two unexpired terms and one regular term for which nominations could be made. The nomination of Browning for the "two year term" must necessarily have been intended for the unexpired term of about two years and eight months, else the will of the voters, expressed at the election, would be defeated. As, in the other case, the voters had legal right to nominate and elect for an unexpired term of about eight months and a regular term of four years, their designation of a four year term, should be regarded as a mere misdescription like the other, and not permitted to overcome the presumption of intent, on the part of the voters, to perform

their full duty and exercise all their rights and powers in the premises.

The law both allowed and commanded an election to fill both vacancies, as well as the one full term, commencing July 1, 1911. The position, taken by the relators, would make the nomination and election of Browning nugatory, and the action of the voters, as to him, unavailing for any purpose. By holding the designation of the term for him to be a misdescription, we give effect to their action. On the same principle, we hold Musick's election to have been for the unexpired and succeeding regular terms, to prevent partial failure of the action of the voters. In both cases, they intended something, and the reasonable and just presumption is that they intend to claim their full legal rights and perform their full legal duty. Excluding fractions, there were, in a practical sense, a two year term and a four year term to be filled. Naturally the voters, as practical men, not regarding the legal definitions, and even lawyers, for convenience, would speak of them in that sense; and the former class would be inclined, in the absence of advice, to deal with them as such even in the grave and important matters of nomination and election. It is natural and convenient also to disregard the fractions of eight months. Selection of this method of designation, as to one of the terms, is so apparent as to leave no room for doubt or controversy, and this strongly argues its adoption as to the other also. So viewed, the designations manifest actual intent, accordant with our conclusion, resting in part upon presumed intent.

*Writ Denied.*

Robinson, Judge:

The decision properly should go no further than to quash the alternative writ because of the joinder of persons as relators who have wholly separate and distinct rights. Only to that extent does it meet my concurrence. Since we hold that the relators cannot sue in the form in which they come, what right have we to decide their case? Even were it proper to consider the case on its merits, the second point of the syllabus would have my dissent.