[No. 24366. Department Two. January 18, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Fred H. Dore, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

[1]Reported in 18 P. (2d) 51.

*Wm. R. Bell,* for relator.

*Tyre H. Hollander,* for respondent.

MAIN, J.—Fred H. Dore and Guy B. Knott each claim the office of justice of the peace for Seattle precinct, in King county. The trial in the superior court resulted in findings, conclusions and a judgment supporting the claim of Knott. To review the judgment thus entered, the case has been brought here. The facts are not in dispute and may be summarized as follows:

At the general election held in Seattle, King county, in November, 1930, John B. Wright was duly elected and thereafter qualified as justice of the peace in and for Seattle precinct for the term beginning the second Monday of January, 1931, and ending the second Monday of January, 1935. June 27, 1932, the office to which justice of the peace Wright had been elected became vacant by reason of his death on that day. Thereupon, the board of county commissioners for King county, on July 5, 1932, appointed Fred H. Dore to fill such vacancy, and to hold the office until the next general election and until his successor was elected and qualified. Dore qualified for the office July 7, 1932.

At the primary election held September 13, 1932, Dore was nominated as the candidate of the Republican party for the office which he then held. Guy B. Knott was nominated at the same primary as the candidate of the Democratic party. At the general election held November 8, 1932, Dore received 52,672 votes and Knott 68,628. After the vote had been canvassed, and on November 23, 1932, the county auditor, as secretary of the election board, certified the election of Knott, and on November 26th following he qualified for the office. After such qualification, Knott made demand

upon Dore for the office, and the latter refused to vacate and surrender the same.

At the election held on November 8th, there was but the one office of justice of the peace to be filled, and that was for the unexpired term caused by the death of the previously elected justice of the peace for the full four-year term. In the notice of the election posted and published by the election board of King county and on the ballots used at the election, the following was the designation and description of the office to be filled: "One (1) justice of the peace for Seattle precinct 2-year term."

In his brief, Dore says that the questions which are determinative of the case are these:

"(1) Is an election to fill an unexpired term of office a general or a special election? (2) In the case of a special election is notice essential to its validity? (3) Was the required notice given in the present case?"

 It will be admitted that the election held to fill the unexpired term of the justice of the peace Wright was a special election, even though held at the same time as the general election, and that notice thereof was necessary. *State ex rel. Ferguson v. Superior Court,* 140 Wash. 636, 250 Pac. 66; *State ex rel. Rummens v. Superior Court,* 160 Wash. 520, 295 Pac. 730. This leaves in the case but one question, and that is, the sufficiency of the posted and published notice.

Dore says that, since the notice was for "One (1) Justice of the Peace for Seattle precinct *2-year term,*" when it should have been "One (1) Justice of the Peace for Seattle precinct *unexpired term,*" that renders the election of no effect, and that, therefore, he has a right to hold under his appointment for the balance of the term for which justice of the peace Wright had been elected. Knott says that the defect in the notice, if

any, was a mere irregularity, and that the election should not be set aside and held for naught for this reason.

Section 7, chapter 53, Laws of 1923, p. 176, after providing that the election board shall give notice of all elections held under the provisions of the act by publication in a newspaper of general circulation in the county, and by posting a copy of such notice at each polling place, states:

"Said notice shall contain the time and place of holding said election; the hours during which the polls shall be open; the offices to be filled . . . and such notice shall be the only notice required of all elections to be held under the provisions of this act." Rem. Rev. Stat., § 5148-3.

It will be observed that the statute only requires that the notice shall contain "the offices to be filled," and makes no mention as to the term.

It is the general rule that an election will not be set aside for a mere informality or irregularity which cannot be said in any manner to have affected the result thereof, and that a literal compliance with the statute requiring notice is not essential to the validity of an election. In *Seymour v. Tacoma,* 6 Wash. 427, 33 Pac. 1059, there was quoted with approval from Dillon on Municipal Corporations this excerpt:

"It is a canon of election law that an election is not to be set aside for a mere informality or irregularity which cannot be said in any manner to have affected the result of the election."

In *Hemmi v. James,* 164 Wash. 170, 2 P. (2d) 750, there was quoted with approval from *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39, the following:

"The rule established by an almost unbroken current of authority is that the particular form and man-

ner pointed out by the statute for giving notice is not essential, and where the great body of the electors have actual notice of the time and place of holding the election, and of the questions submitted, this is sufficient. The vital and essential question in all cases is whether the want of the statutory notice has resulted in depriving sufficient of the electors of the opportunity to exercise their franchise to change the result of the election.''

In the case now before us, the designation or description of the office as a ''2-year term'' rather than as an ''unexpired term'' could not possibly have misled the electors and have any effect upon the result. There was but one office of justice of the peace to be filled. The rival candidates were the two mentioned, and whether the office was designated as a ''2-year term'' or an ''unexpired term'' was not of material consequence. Under the law, the successful candidate was entitled to qualify as soon as the result of the election was declared. *State ex rel. Linn v. Millett,* 20 Wash. 221, 54 Pac. 1124; *State ex rel. Sears v. Gilliam,* 93 Wash. 248, 160 Pac. 757.

It may be that a situation could arise where a more accurate description of the office to be filled would be essential; but we are here only concerned with the situation as it is presented in this case. Under the rule stated, the election was not invalid because it specified a ''2-year term'' rather than an ''unexpired term,'' and Guy B. Knott is entitled to the office to which he had been elected.

The judgment will be affirmed.

BEALS, C. J., BLAKE, STEINERT, and TOLMAN, JJ., concur.