[No. 25981.   Department One.   April 14, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Alex Caplan, Respondent,* v. WILLIAM R. BELL, *Appellant.*[1]

*Philip Tworoger* and *H. Sylvester Garvin,* for appellant.

*Hoof & Winston,* for respondent.

TOLMAN, J.—The judgment below, from which the defendant prosecutes this appeal, establishes the title of the relator to the office of the justice of the peace for Seattle precinct for a term beginning November 21, 1934, and ending January 14, 1935, together with costs.

The facts, so far as necessary to be mentioned, are as follows:   At the general election held in 1930, John B. Gordon was duly elected a justice of the peace for Seattle precinct for a four-year term beginning on the second Monday of January, 1931.   Gordon duly qualified, entered upon the term and served until September 2, 1933, when he died.   Thereafter, in the same month, the county commissioners of King county appointed one William R. Bell to fill the vacancy, and he

[1]Reported in 56 P. (2d) 683.

duly qualified and entered upon the duties of the office.

At the general election, held in November, 1934, the relator became a candidate for, and was duly elected to fill, the unexpired term of John B. Gordon. A certificate of election was duly issued to him. He qualified as the law requires and thereafter, on or about November 21, 1934, he made demand upon Bell for the office, which demand was refused. Bell continued to occupy the office until after the term for which relator had been elected had expired; and since relator's term has expired, the matter now in dispute is the salary, amounting to $320.19, which accrued between November 21, 1934, and January 14, 1935, both dates included.

The constitution, Art. XI, § 6, provides:

"The board of county commissioners in each county shall fill all vacancies occurring in any county, township, precinct, or road district office of such county by appointment, and officers thus appointed shall hold till the next general election, and until their successors are elected and qualified."

Rem. Rev. Stat., § 4059 [P. C. § 1678], upon the same subject reads:

"The board of county commissioners in each county shall, at their next regular or special meeting after being apprised of any vacancy in any county, township, precinct or road district office of such county, fill such vacancy by the appointment of some person qualified to hold such office, and the officers thus appointed shall hold office until the next general election, and until their successors are elected and qualified."

Also, Rem. 1935 Sup., § 5213-1, among other things, says:

". . . When a vacancy or other cause shall necessitate the election of a justice of the peace for a short term, the candidate shall announce himself for the short term and the ballot shall be arranged accordingly. . . ."

To avoid the force of these constitutional and statutory provisions and the force of our decisions thereunder, the appellant seems to urge that the situation has been entirely changed by the act of 1919, Rem. Rev. Stat., § 4029 [P. C. § 2347-1] *et seq.,* which provides for a four-year term, and by § 4030 [P. C. § 2347-2], which provides that, if a vacancy occur in the first two years of such term,

". . . an election to fill such vacancy for the unexpired term shall be held at the next succeeding general election."

The argument seems to be that the legislature, by recognizing the need of an election to fill a vacancy occurring in the first half of the term, has thereby indirectly determined that no such election shall be held if the vacancy occurs in the last half of the term.

But, even if such were the legislative intent (which we by no means hold), it would be abortive, because Art. XI, § 6, of the constitution, hereinbefore quoted, by its express language limits the term of an appointee to the next general election and until his successor is elected and qualified.

We see nothing in § 5 of the same article of the constitution which lessens the force of § 6 when applied to the present question, or which requires a reconsideration of the cases in which we have construed this section of the constitution and other constitutional and statutory provisions of like import. *State ex rel. Linn v. Millett,* 20 Wash. 221, 54 Pac. 1124; *State ex rel. Sears v. Gilliam,* 93 Wash. 248, 160 Pac. 757; *State ex rel. Dore v. Superior Court,* 171 Wash. 423, 18 P. (2d) 51.

The judgment of the trial court is affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and MITCHELL, JJ., concur.