## MILES et al. v. PEAY et al.

Court of Appeals of Kentucky.
March 20, 1953.

## DAUGHERTY v. LITTLE.

Court of Appeals of Kentucky.
March 20, 1953.

Morris Lowe, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellees.

STANLEY, Commissioner.

This is a sequel of Lowe v. City of Bowling Green, Ky., 247 S.W.2d 386, in which it was held that the election in November, 1951, of twelve men as members of a "common council" of Bowling Green was a nullity since the office is nonexistent in a city of the second class to which it was transferred as of June 15, 1950. Promptly after the decision was rendered, March 21, 1952, the mayor, who had continued in office after the change in classification, appointed members of the General Council and they qualified. KRS 84.030. At the ensuing November, 1952, election, the incumbents were elected for what was designated on the ballots as being for unexpired terms. At their first meeting they cast lots and determined who should hold office for one year and who for two years, beginning January 5, 1953. Curtis E. Peay drew a one-year term and W. D. Fiser a two-year term as members of the board of councilmen, from the fifth ward. Subsequently Don Pruitt and Horace G. Miles, Jr., filed declarations of candidacy for those two offices at the November, 1953, election and then filed this suit against Peay and Fiser. Peay has also filed for the nomination, but Fiser takes the position that his term runs until January, 1955, hence, his successor will not be elected until November, 1954.

Three questions are presented, namely: (1) When did the regular terms of the new board of councilmen begin? (2) The effect of the county clerk having placed on the ballots in the 1952 election the words "unexpired term." (3) Was the division of tenure by lot proper?

The circuit court held the 1952 election was for full terms and the members properly determined by lot the respective terms of one and two years.

The appellants' argument is difficult to grasp. It seems to be that all members of the General Council of a city of the second class must be elected at the same time the mayor is elected so that the regular terms of all members of the General Council of Bowling Green began or should have begun on the first Monday in January, 1952; that all of them should have been chosen for two years, beginning on that day so that the election held in November, 1952, was for terms which expired in January, 1954. The sole basis of the argument is a statement in Lowe v. Bowling Green, supra, that a bicameral council is patterned after Congress and the Kentucky General Assembly and that the principles governing those bodies are applicable. Upon that the appellants rest their contention that like members of the lower house of the national and state legislatures who are elected at the same time the President and Governor are elected, all members of the board of councilmen elected when the mayor is elected, serve contemporaneously two years without any division or staggering of terms. The statement in the opinion is completely isolated from its context and is fantastically misconstrued. It was made in relation to the point that where there is a bicameral council it is essential to the validity of an ordinance that there shall be two legislative bodies and both shall adopt it.

Section 167 of the Constitution provides that members of municipal legislative bodies "may be elected either in the even or odd years, or part in the even and part in the odd years". The statute, KRS 84.350(3), incorporates a provision of the original act of the General Assembly relating to the staggering of terms of councilmen in cities of the second class when the Constitution became effective in 1894, and provides that one-half the members of the General Council shall be elected for terms of two years to replace those whose terms expire in that year. It further provides: "In cities that are transferred to the second class the members

whose terms will expire each year shall depend on a lot cast at the first meeting of the general council elected following the transfer, by which one-half of the members elected at that election shall be determined to serve for one year, and one-half for two years. Not less than one member of the board of councilmen shall be elected from each ward in each year."

The terms of the members of the common council elected in November, 1949, when Bowling Green was a city of the third class, would have automatically expired on the first Monday in January, 1952. But Bowling Green had become a city of the second class as of June 15, 1950. Whether or not a new general council should have been elected in November, 1950, or in November, 1951, is immaterial now, for, as a matter of fact, no election was held. Irrespective of the moot question, the offices were vacant in March, 1952, when the mayor filled them by appointment. Since the next general election, held in November, 1952, was that fixed by statute for the election for full terms, the members of the General Council were then elected for full terms. The ruling of the court is clearly proper.

■ Since this was the first General Council to be elected under the new classification, the members followed the statute, KRS 84.350(3), and divided themselves into two groups of one-year and two-year tenure. There was of necessity an adaptation to the situation. Otherwise the intent and purpose of the statute would have been thwarted. So the court properly ruled that the term of only one of the two members from the fifth ward, Curtis Peay, will expire on the first Monday in January, 1954, and his successor must be elected in November, 1953. Of course, when the one-year terms expire, thereafter the election of all members will be for two years, thus staggering the terms.

■ In preparing the ballots for the 1952 election, the county clerk inserted the words, "unexpired term." This clerical error could not change the fact that under the law the election was for full terms. The erroneous designation prejudiced no one. The period was probably immaterial

to the voters. The irregularity will not be permitted to overcome the presumption of their intention to elect the candidates for the tenure fixed by law. Of a certainty, the voters were not misled to the degree that made the election void. Borders v. Collingsworth, Ky., 251 S.W.2d 463; Alley v. Musick, 68 W.Va. 523, 70 S.E. 124. Directly in point is Parrott v. Plunkett, 268 Mass. 202, 167 N.E. 329. The statute required election of a city selectman for three years. A clerical error in printing the term on the ballot as one year was regarded as mere surplusage and to have had no effect.

The judgment is affirmed.