Thomas R. GOOD, Appellee,

v.

Deskin CROUCH, Appellant.

No. 86–44.

Supreme Court of Iowa.

Dec. 17, 1986.

Jim P. Robbins of Donelson & Robbins, Boone, for appellant.

William J. Good of Johnson, Erb, Latham, Gibb & Carlson, Fort Dodge, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

McGIVERIN, Justice.

Defendant Deskin Crouch appeals from a judgment voiding his election and declaring plaintiff Thomas R. Good as school board

director from District One of the Grand Community School District. We affirm.

The parties stipulated to the following facts. In September 1984 Larry Van Scoyk was elected as a member of the Grand Community School Board for a three-year term expiring in September 1987. On April 3, 1985, Van Scoyk resigned his board position because he had moved out of the school district. The school board then attempted to appoint a successor for his position but it was unsuccessful in agreeing on an appointee within ten days after the vacancy occurred. *See* Iowa Code § 279.6–.7 (1985).

The board, through its secretary, then called a special election, pursuant to Iowa Code section 279.7, and notified the Boone county auditor of its action. The county auditor scheduled the special election for the District One school board seat to be held May 14. Thomas Good and Barbara Crandell were nominated as candidates for the office of school board director for a term ending September 1985. The official notice of election stated that the District One director was to be elected "to fill [an] unexpired term until the next regular school election in September of 1985." The ballot, however, contained no language regarding the term of office. Articles in a local newspaper referred to both "filling the unexpired term" and "serving until the September 1985 regular election." Good received the majority of votes cast in the special election and received a certificate of election issued by the auditor, as the county commissioner of elections, which stated that he was elected "until the next election in September 1985."

Acting on advice from the county auditor, the board then called a general election in September 1985 to fill the District One board seat until September of 1987. Nomination petitions, official notice and ballots, and media coverage stated that the election was being held to fill the unexpired term of Van Scoyk until September 1987. Crouch and Good were nominated for the position. Good ran in the September election believing he was required to do so if he hoped to

continue in office. He assumed that the election officials were aware of the applicable election laws and the length of term to which the winner of the May election was entitled. Crouch received a majority of the votes cast in the September 1985 school election.

Following the September election, Good filed a contest of the result. *See* Iowa Code chs. 57, 62. The contest court rendered its judgment in favor of Crouch, directing that he be seated on the school board. Iowa Code § 62.18.

Good appealed the decision of the contest court to district court, pursuant to Iowa Code section 62.20. The district court, reviewing the case in equity, ruled that Good was elected in the May 1985 special election for the remainder of Van Scoyk's term. The district court voided the September election and vacated the decision of the contest court.

Crouch appeals from the district court decision, asserting that the district court erred in failing to recognize that the proper procedure for filling a vacancy on the school board would have been compliance with Iowa Code sections 277.30 and 69.12, as in the September regular school election, or, alternatively, that irregularities in the May special election either nullified the election result or limited the term of the successful candidate, Good, to four months.

Our review of this equity case is de novo. Iowa R.App.P. 4.

■ I. *Statutory authority for filling a school board vacancy.* Crouch argues the district court erred in upholding the school board's decision to call a special election to fill the vacancy on the board pursuant to Iowa Code section 279.7. He claims the April vacancy should have been filled according to the terms of Iowa Code sections 277.30 and 69.12 at the September 1985 regular election.

Because these statutes become the focus of our discussion, we set them out, in relevant part, here.

§ 279.7 Vacancies filled by special election—qualification—tenure.

In any case where a vacancy or vacancies occur among the elective officers or members of a school board and the remaining members of such board have not filled such vacancy within ten days after the occurrence thereof, or when the board is reduced below a quorum for any cause, the secretary of the board, or if there be no secretary, the area education agency administrator shall call a special election in the district, subdistrict, or subdistricts, as the case may be, to fill such vacancy or vacancies. The county commissioner of elections shall publish the notices required by law for such special elections, which election shall be held not sooner than thirty days nor later than forty days after the tenth day following the occurrence of the vacancy. In any case where the secretary fails for more than three days to call such election, the administrator shall call it.

Any appointment by the board to fill any vacancy in an elective office on or after the day notice has been given for a special election to fill such vacancy as provided herein shall be null and void.

*In any case of a special election* as provided herein *to fill a vacancy occurring among* the elective officers or *members of a school board before the expiration of a full term, the person so elected* shall qualify within ten days thereafter in the manner required by section 277.28 and *shall hold office for the residue of the unexpired term* and until a successor is elected, or appointed, and qualified.

Nomination petitions shall be filed in the manner provided in section 277.4, except that the petitions shall be filed not less than ten days prior to the date set for the election.

(Emphasis added.) This statute is a portion of chapter 279 dealing with the powers and duties of the board of directors of school corporations.

§ 277.30 Vacancies filled by election.

When vacancies are to be filled by election, the provisions of section 69.12 shall control.

§ 69.12 Officers elected to fill vacancies—tenure.

When a vacancy occurs in any nonpartisan elective office of a political subdivision of this state, and the statutes governing the office in which the vacancy occurs require that it be filled by election or are silent as to the method of filling the vacancy, it shall be filled pursuant to this section. As used in this section, "pending election" means any election at which there will be on the ballot either the office in which the vacancy exists, or any other office to be filled or any public question to be decided by the voters of the same political subdivision.

1. If the unexpired term in which the vacancy occurs has more than seventy days to run after the date of the next pending election, the vacancy shall be filled in accordance with this subsection. The fact that absentee ballots were distributed or voted before the vacancy occurred or was declared shall not invalidate the election.

a. A vacancy shall be filled at the next pending election if it occurs:

. . . .

(2) Forty-five or more days prior to the election, if it is a regularly scheduled school or city election.

(3) Forty or more days prior to the election, if it is a special election.

b. Nomination papers on behalf of candidates for a vacant office to be filled pursuant to paragraph "a" of this subsection shall be filed, in the form and manner prescribed by applicable law, by five o'clock p.m. on:

. . . .

(2) The fortieth day prior to a regularly scheduled school or city election.

(3) The twenty-fifth day prior to a special election.

c. A vacancy which occurs at a time when paragraph "a" of this subsection does not permit it to be filled at the next pending election shall be filled by appointment as provided by law until the succeeding pending election.

Chapter 277 deals with school elections in general.

A. *Defendant's contentions.* Crouch relies on rules of statutory construction to support his argument that sections 277.30 and 69.12 are controlling. First, he argues the enactment of a revision of section 277.-30 implicitly repealed section 279.7. While he acknowledges repeal by implication is not favored, *State v. Rauhauser,* 272 N.W.2d 432, 434 (Iowa 1978); *Llewellyn v. Iowa State Commerce Commission,* 200 N.W.2d 881, 884 (Iowa 1972), he states that section 277.30 is more comprehensive and specific than section 279.7. He says the two sections are irreconcilable as a result of the 1975 revision of section 277.30. 1975 Iowa Acts ch. 81, § 131.

Crouch, however, fails to recognize the legislature evidenced an intent to keep section 279.7 alive by other amendments in chapter 81 of the 1975 Iowa Acts. Section 127 of chapter 81 amended Iowa Code section 275.25 to expressly refer to Iowa Code sections 279.6 and 279.7.[1] Section 135 of chapter 81 amended Iowa Code section 279.6 to refer to Iowa Code section 69.12.[2]

Repeal by implication will not be sustained "unless legislative intent to repeal is clear in the language used and such a holding is absolutely necessary." *Rauhauser,* 272 N.W.2d at 434. A finding of implied repeal in the absence of such a clear showing of legislative intent "would constitute a usurpation of legislative authority." *Id.* at 435.

While both sections 277.30 and 279.7 deal with the election procedures for filling a vacancy on the school board, it is not clear that the legislature intended to repeal section 279.7 by its 1975 amendment to section 277.30. Instead, the contrary intent is evidenced by other amendments found in chapter 81 of the 1975 Iowa Acts. We,

therefore, conclude section 279.7 was not repealed by implication by section 277.30.

■ Crouch also argues that section 277.30 is controlling because both sections 279.7 and 277.30 deal with elections to fill a school board vacancy, and that section 277.-30 is more specific. Good argues the converse of this proposition, that section 279.7 is a specific statute on the filling of school board member vacancies while section 277.-30 is a more general statute.

Iowa Code section 4.7 states the court should give effect to both statutes unless their provisions are irreconcilable, in which case the specific statute controls as an exception to the general provision. *See Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977). In construing the statutes, we are to consider the "subject matter, effect, consequence, and the reason and spirit" of the statutes. *Id.* at 504.

Section 69.12, incorporated by reference in section 277.30, clearly has a money-saving purpose. The provision suspends the filling of vacancies in public offices until such time as another election is being held. Thus the expense of separate elections is avoided. This is quite different from the purpose of sections 279.6 and 279.7, which is to expeditiously fill vacancies on the school board by an appointment or an early special election if no appointment occurs, so as to keep the board running smoothly and facilitate decisions by majority vote of school boards, which are composed of either five or seven members. *See* Iowa Code § 277.23. Sections 279.6 and 279.7 specify a more abbreviated procedure for filling a school board vacancy than section 69.12. Section 279.7 also specifies by reference to section 277.4 the time frame for nominating petitions. Both of these sections allow a shorter period of time between the filing of petitions and the election than section 69.12.[3]

1. Iowa Code section 275.25(5) states that vacancies caused by redistricting "shall be filled in the manner provided in sections 279.6 and 279.7."

2. Iowa Code section 279.6 states: "A person so appointed [pursuant to § 279.6] to fill a vacancy in an elective office shall hold office until a

successor is elected and qualified pursuant to section 69.12."

3. Generally, section 277.4 allows the filing of nomination papers not more than sixty-five days, nor less than forty days prior to election day. Section 279.7 states nomination papers

It is clear from a review of sections 277.30 and 69.12, on the one hand, and sections 279.6 and 279.7, on the other, that the latter are more specific and special as to the procedure for filling a vacancy when the school board cannot timely agree on an appointee to the vacancy.

Sections 279.6 and 279.7 are special because they empower the remaining school board members to appoint a new member to fill the vacancy while chapter 277 and section 69.12 have no such provision. Sections 279.6 and 279.7 then couple with the appointment power a provision for an early special election to be called by the board secretary in the event the board fails to fill the vacancy within ten days. Chapter 277 has no such feature.

Section 279.7 is also special in that it sets out the term of office for an individual *elected* to fill a vacancy. This section specifies the individual will serve "the residue of the unexpired term." Sections 277.30 and 69.12, however, make no statement regarding the term of office of an individual *elected* to fill a vacancy. Section 277.30, prior to its 1975 amendment, stated, "When vacancies are to be filled at a regular election, the election shall be for the number of years required to fill the vacancy and until a successor is elected, or appointed, and qualified." Iowa Code § 277.30 (1973). The deletion of the language in section 277.30 regarding the term of office to be filled left the only references to term of office for an individual filling a school board vacancy in Iowa Code sections 279.6 and 279.7 (1985). Thus, sections 279.6 and 279.7 specifically lay out the term of office to be filled by appointment or election.

The fact that section 69.12 is incorporated by reference in a chapter on school elections does not make it more specific. Sections 279.6 and 279.7 might more appropriately be found in chapter 277; however, they are not. The inclusion of the sections in a chapter dealing with the powers of school directors shows that the board has

the power to call a special election to fill a vacancy, as defined by Iowa Code section 277.29, when it has been unable to fill the vacancy by appointment. *See* Iowa Code § 279.6. Section 279.7 appears to be the mandatory procedure to expeditiously fill a board vacancy when a majority of the remaining board members fails to agree on an appointee, as occurred here.

Crouch also argues that the district court decision should not stand because when two irreconcilable statutes are being construed, the one enacted last stands. Iowa Code § 4.8. This rule is not applicable, however, when a general statute is in conflict with a specific statute. When that occurs, the specific statute ordinarily prevails whether enacted prior or subsequent to the general statute. *Llewellyn*, 200 N.W.2d at 884.

As stated above, section 277.30 was revised in 1975. Section 279.7 has remained substantially unchanged since the mid-1930s. Iowa Code Annot. § 279.7 (West 1972 & Supp.1986). We have concluded that section 279.7 is a specific statute coupling a power of appointment with an early election in the event an appointment is not made, and is in conflict with section 277.30, a general statute that is not as inclusive as section 279.7. Therefore, the *Llewellyn* rule is applicable, validating the use of Iowa Code section 279.7 even though it was enacted prior to section 277.30.

B. *Length of term depends on whether appointment or special election used.* An examination of the applicable legislation discloses that a difference exists under the statutes concerning the time an election is held which bears on a vacancy on the board. The difference depends on whether or not the board fills the vacancy by appointment. Failure to recognize the difference may have led to confusion by the election officials here.

According to section 279.6, the board has ten days within which to appoint a person

---

shall be filed "not less than ten days prior to the date set for the election." According to section 69.12(1)(b), nomination petitions shall be filed

forty days prior to a school election or twenty-five days prior to a special election.

to fill the vacancy and qualify the new board member. The appointee then serves on the board until the next "pending election" conducted under the authority of section 69.12. Iowa Code § 279.6. The individual elected at the section 69.12 election then serves the remainder of the unexpired term. If an individual is not appointed to fill the vacancy, however, a prompt special election is held under section 279.7. The winner of the election is then to serve the residue of the unexpired term on the board, regardless of when the next school election is held. Both of these procedures insure that vacancies on the board are filled expeditiously and both minimize the cost of filling a vacancy by requiring only one election to fill the unexpired term, either at the next "pending election" if a replacement has been appointed or at a special election if the board is unable to promptly appoint a successor.

We are concerned here only with the situation in which a person was not appointed to fill the vacancy. Therefore, section 279.7 and its provision that the special election winner serves the residue of the unexpired term prevails.

We conclude the section 279.7 special election procedures were applicable here to fill the school board vacancy under this record. Therefore, we must determine whether the May 1985 special election squared with the requirements of the statutory election framework.

■ II. *Effect of pre-election publicity on the term of office.* Iowa Code section 279.7 states that the winner of a special election to fill a vacancy "*shall* hold office for the residue of the unexpired term." (Emphasis added.) The president of the board of canvassers is directed to deliver a certificate of election to the winner of a special election designating the person filling the vacancy to serve "for the residue of the term." Iowa Code § 50.29.

Iowa Code section 49.53 requires that the notice of election specify the names of the candidates and the office for which they are running; there is no requirement that the term of office be specified.

Crouch argues that certain occurrences preceding the May special election should nullify the election result or limit the term of office of the successful candidate. The particular occurrences to which he refers are: (1) the nomination petitions, which stated the May election winner would serve until September 1985; (2) the official notice of the special election which stated the winner would "fill the unexpired term until the next regular school election in September of 1985"; (3) the articles in the *Ogden Reporter* newspaper which discussed the term of office as "the unexpired term" but also said the winner would serve "until the September 1985 regular election"; and (4) the certificate of election issued to Good, the May election winner, which stated he would serve "until the next election in September 1985." Crouch asserts these errors had the effect of misleading the public; thus, the public's first true expression of its will was in the September election, which he says had been properly publicized.

Good defends the May election result by arguing the errors in pre-election publicity were mere irregularities. *See Honohan v. United Community School District,* 258 Iowa 57, 59, 137 N.W.2d 601, 602 (1965). As such, he asserts that the errors did not affect the election result. Good claims the insertion of the phrase "until the next election in September 1985" in his certificate of election was done in derogation of section 50.29 at the direction of the commissioner of elections. He further argues that an error on the part of an election official cannot change the statutory term of office. *See* Iowa Code § 279.7. Crouch and Good both assert that the expression of the will of the voters would not be invalidated in the absence of a constitutional violation, bad faith, or fraud. *See Turnis v. Board of Education,* 252 Iowa 922, 927, 109 N.W.2d 198, 201 (1961).

Mere irregularities in election procedures are of no effect, while defects in matters of substance are fatal. *Honohan,* 258 Iowa at 59, 137 N.W.2d at 602. In *Honohan,* the notice of election varied from the ballot in that the notice stated a bond issue for the

building of a new school house was to be voted on and the ballot stated the bond issue was for the construction of a new senior high school. *Id.* at 58–59, 137 N.W.2d at 602. The statutes governing the election procedures for a bond issue required that both the notice of election and official ballot state the purpose for which the debt was to be incurred. *Id.* at 61–62, 137 N.W.2d at 603–04. We found the variance between the notice and ballot to be a defect of substance.

The same statutes are not applicable here, however. We have not decided a case involving a pre-election error in the designation of the term of the office on which a vote is to be taken. Therefore, we look for guidance to the decisions of other courts.

In *State ex rel. Dore v. Superior Court,* 171 Wash. 423, 18 P.2d 51 (1933), the governing statute did not require the election notice to include the term of office. The notice did, however, state the term of the office was two years. In fact, the term was three years, the unexpired term of the vacant office to be filled by special election. The court concluded that error in the specification of the term of office was a mere irregularity that would not void the election result. *Id.* at 426–27, 18 P.2d at 52–53. Two other courts have held that an error in the designation of a term of office is immaterial. *Miles v. Peay,* 256 S.W.2d 373, 375 (Ky.Ct.App.1953) (notice stated unexpired term; winner was to serve full term); *Parrott v. Plunkett,* 268 Mass. 202, 204–07, 167 N.E. 329, 331 (1929) (ballot stated one-year term; actually to serve three years). *See generally* 26 Am.Jur.2d *Elections* § 214 (1966) ("Where only one office is to be filled, a misdescription of the [term of the] office will not vitiate the election.").

Uniformly the courts have upheld an election in which the election officials have misdescribed the term of office because the error of an election official should not invalidate the expression of the will of the voters. *E.g., Miles v. Peay,* 256 S.W.2d at 375. The electors are presumed to elect the candidates for the tenure of office fixed by law. *Id.; see also Parrott,* 268 Mass. at

208, 167 N.E. at 331 (term of office fixed by statute).

We will not invalidate the expression of the voters' will in the absence of a constitutional violation, bad faith, or fraud. *Turnis,* 252 Iowa at 927, 109 N.W.2d at 201. The voters in the May special election expressed their support of Thomas Good. The notice circulated prior to the election met the requirements of Iowa Code section 49.53; any reference to the term of office was mere surplusage. We indulge in the presumption that the May voters intended to elect Good to the full term to which he was entitled by statute. *See* Iowa Code § 279.7 (residue of unexpired term). The errors in the pre-election publicity were mere irregularities, not affecting the validity of the election. Therefore, we conclude that in the May 1985 special election Good was elected a member of the school board of the Grand Community School District for a term expiring in September of 1987 as provided by section 279.7.

Due to the fact the September 1985 election was held without statutory authority, we need not address the adequacy of the pre-election publicity for that election.

III. *Disposition.* In summary, we affirm the district court's ruling on the grounds: (a) that the May 1985 special election properly was conducted under the authority of Iowa Code section 279.7 because the board had not filled the vacancy by appointment pursuant to section 279.6 within ten days after the occurrence thereof; and (b) that the pre-election publicity as to the term of office in the May election was a mere irregularity not affecting the validity of the election. Therefore, Good is the duly elected school board director from District One of the Grand Community School District for the residue of the term expiring in September of 1987.

AFFIRMED.