In re Proposed Community School District of Malvern (Mills County).

Independent School District of Malvern, appellant, v. County Board of Education of Mills County et al., appellees.

No. 49688.

(Reported in 98 N.W.2d 737)

OCTOBER 20, 1959.

Cook & Drake, of Glenwood, for appellant.

Eliot Thomas and Glen M. McGee, both of Glenwood, for appellees.

OLIVER, J.—This appeal stems from proceedings instituted in 1958 to form a reorganized school district under chapter 275, Code of Iowa, 1958. In 1957 many changes were made in chapter 275 of the Code of 1954 and references herein are to sections in Code of Iowa, 1958. A petition for the formation of Community School District of Malvern in Mills County, Iowa, to include all or certain parts of nineteen school districts in said county, was filed in the office of the County Superintendent of Schools. The County Board of Education reviewed the matter, and changed the boundaries of the proposed district by taking out certain districts and parts of districts included in the original petition. Code sections 275.11, 275.12, 275.13, 275.14 and 275.15. From this decision the Independent School District of Malvern, in Mills County, appealed to the District Court of said county.

Appellant filed in said court a Petition on Appeal, which, in addition to the foregoing matters, alleged in substance:

"Par. 3. That defendant-appellee County Board of Education was in error in refusing to grant the prayer of the petition for the formation of the District as originally proposed for the reason that it was economical and efficient and necessary to meet the standards and reorganization needs within the spirit, purpose and intent of chapter 275.

"Par. 4. That the action of the County Board in rejecting the proposed plan and formulating the new plan was arbitrary, capricious and unreasonable for the following reasons:

"(a) That certain members of the County Board wholly disregarded their public duty, and permitted personal advantage, antagonism and prejudice and an entire lack of judicial integrity to control and influence their decision.

"(b) That the Board failed to give proper consideration to the facts and to properly analyze the objections and evaluate the merits of the proposed plan.

"(c) That the Board refused to consider requests of landowners and others for the inclusion of their lands as originally proposed.

"(d) That the plan adopted is inefficient, unworkable and uneconomical and will not be accepted by the voters."

Appellant prayed that the court take jurisdiction over and consider the petition and controversy, overrule the action and decision of the County Board, reject the plan proposed by the Board, find the original petition and the boundaries therein prayed should be approved, and direct the County Board and the Superintendent of Schools to proceed with the organization of the district as originally petitioned for and to submit that proposition to the voters.

Appellees moved the court to strike all of Par. 3 of the petition and all of Par. 4 except subdivision (a). This motion was sustained on the ground those parts of the petition alleged matters strictly legislative in character and not subject to judicial review.

From that order, Independent School District of Malvern was granted an appeal and has appealed to this court.

I. Appellant's brief states that, for the purpose of this interlocutory appeal, the material portions of its petition on appeal concern the deletion by the County Board, from the proposed district, of much land originally included therein. It contends this change rendered an efficient and economical plan inefficient and uneconomical and ignored the intent and spirit of chapter 275 of the Code.

Code section 275.14 provides for the filing of objections to the petition, in the form of written affidavits, in the office of the county superintendent. Code section 275.15 is the statute which delegates the powers, fixes the duties and procedure of the county board of education upon review, and provides for appeals to the courts from its decisions. It states:

"On the final day fixed for filing objections, interested parties may present evidence and arguments, and the county board of education shall review the matter on its merits and * * * shall rule on the objections and shall enter an order fixing such boundaries for the proposed school corporation as will in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts or dismiss the petition. * * * Within twenty days after the publication thereof the decision rendered by the county board of education may be appealed to a court of record in the county involved by any school district affected."

Article III, section 1, Constitution of Iowa, provides for the division of powers among the Legislative, Executive and Judicial Departments, and states, "no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, * * *." There are similar provisions in the Constitutions of most other states.

The order of the trial court striking most of the petition on appeal was necessarily based upon the conclusion that the organization of and establishment of the boundaries of a school district is a legislative function, the exercise of which by the judicial department is forbidden by the foregoing provision of the Constitution. That conclusion is in accord with the rule in Iowa and most other states.

1244

We quote from 11 Am. Jur., Constitutional Law, section 192, pages 893, 894: "The creation and formation of municipal corporations, such as counties, cities, villages, and school districts, and the fixing of their boundaries are legislative functions."

The text in 16 C. J. S., Constitutional Law, section 107, pages 493 and 494, states: "Matters that have been held within the scope of the legislative power, as distinguished from the powers of the judicial and executive departments are * * * the establishment and reorganization of school districts, * * *."

In 16 C. J. S., Constitutional Law, section 139d(2), page 638, in boldface: "The legislature may not delegate to the courts the power to determine the conditions on which certain territory shall be included within, added to, or detached from, municipalities and other governmental subdivisions; but the courts may be authorized to determine questions of fact, such as the question whether the law has been complied with."

An annotation upon this question in 69 A. L. R., 266 to 295, states at page 267:

"It may be stated as a general rule, supported by practically all of the cases in which the proposition is considered, that the creation, enlargement, or diminution of political districts or municipal corporations is a legislative function, and that a statute which delegates the performance of this function to the judiciary, and leaves to the discretion of that body the determination of the circumstances which will justify the creation of a district or corporation, or the circumstances which will justify an enlargement or diminution of such a political subdivision, violates the constitutional provision separating the powers of the government into legislative, executive, and judicial departments."

The statement continues, a majority of cases would seem to favor the rule that a statute "which grants to a court the exercise of any discretion as to whether the political subdivision should be created or changed, or requires of the court any other assistance than to determine whether the conditions précedent as declared in the statute have been complied with * * * violates the constitutional limitation separating the powers of the government."

State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 428, 436, 57 N.W.2d 63, 66, held unconstitutional certain statutes which empowered the courts to determine the advisability of annexing territory to a municipality, stating:

"The power to extend the boundaries of a municipality is an exercise of the power to create a municipality and is within the exclusive power of the legislative branch of the government. * * *

"What is desirable is not a question of fact that can be judicially determined. It is a question of policy and public interest exercisable by the legislature alone."

This holding was reaffirmed in State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa 627, 80 N.W.2d 489, 81 N.W.2d 452.

In re Appeal of Beasley Bros., 206 Iowa 229, 235, 220 N.W. 306, 309, held the board of railroad commissioners could determine the question whether a bus service would promote "public convenience" and necessity but the statute permitting appeal to the courts would be interpreted as permitting no review on the question of convenience and necessity, stating:

"This required determination, on its face, is not of existing facts and resultant and controverted rights and duties, which is a judicial function, but is of public convenience and necessity, requiring the formation and determination of future rights and duties, which is a legislative question." (Citations)

Denny v. Des Moines County, 143 Iowa 466, 473, 474, 121 N.W. 1066, 1069, involved an appeal from the refusal of the board of supervisors to establish a drainage district on the ground it was not for the public benefit or utility or conducive to the public health, convenience or welfare. The court stated the specific question was whether the wisdom or practicability of a proposed drainage scheme could be left to the determination of a constitutional court and held the action of the board was the exercise of a legislative function and therefore was not reviewable in the courts. The opinion states statutes with reference to the creation or extension of municipal corporations have been upheld only when they leave to courts the determination of questions of fact as distinguished from the exercise of a general discretion involving the public interest.

Haas v. Iowa State Commerce Commission, 241 Iowa 179, 186, 40 N.W.2d 612, 616, states the determination whether the service proposed will promote the public convenience and necessity is a legislative, not a judicial, function. "Upon appeal from an order of the [commerce] commission the district court considers only judicial questions that may arise, such as whether the commission has exceeded its jurisdiction, whether the order is without support in the record or is wholly arbitrary and unreasonable. It is not for the district court or this court to determine whether the commission has acted wisely nor to substitute its judgment for that of the commission."

Appellant argues that the action of the county board was quasi-judicial. It cites Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234, a certiorari proceeding, and several authorities on certiorari and other special proceedings. Webster's New International dictionary thus defines quasi-judicial: "Designating an act or proceeding of or before an administrative tribunal or official of the general nature of a judicial act or proceeding but not within the judicial power as defined under constitutions." That the action of the board might be termed quasi-judicial would not remove it from the legislative category or make it, in fact, judicial. Nor would the availability of certiorari enlarge the appeal provided by the statute.

The essence of appellant's complaint in the parts of its petition stricken by the trial court was that the County Board did not exercise good judgment in reducing the size of the proposed district and substituting an inefficient plan for a good plan. The prayer would have the court substitute for the judgment of the County Board the judgment of the court as to the wisdom or practicability of the plan for the proposed district. This would have violated the constitutional provision requiring the separation of powers. Therefore the order of the trial court was correct.

II. We do not hold the provision in section 275.15 for appeal is unconstitutional. A provision will not be declared unconstitutional unless it clearly and without doubt impinges on the Constitution. Wall v. County Board of Education, 249 Iowa 209, 86 N.W.2d 231. The provision here in question merely provides for an appeal to a court of record, without stating any

details. We will construe this provision as including appeals only which are not contrary to this constitutional provision. The order of the district court is affirmed.—Affirmed.

All JUSTICES concur.