102 N.W.2d 167 (1960)
Frank HUBKA et al., Appellees,
v.
COUNTY BOARD OF EDUCATION OF MITCHELL COUNTY, Iowa, et al., Defendants,
County Board of Education of Mitchell County, Iowa, et al., Appellants.
No. 49799.
Supreme Court of Iowa.
April 5, 1960.
*168 Elwood, Anderson & Elwood, Cresco, for appellants.
Donohue, Wilkins & Donohue, New Hampton, for appellees.
HAYS, Justice.
As authorized by Section 275.12, Code 1958, I.C.A. (all Statutory references are to the Code of 1958 unless otherwise stated), a petition seeking organization of the Riceville Community School District and asking for a modification of the existing tentative joint county plans was filed with the County Superintendent of Schools of Howard County, Iowa. As provided by Section 275.16, the proposed organization embracing territory in Howard and Mitchell Counties, the County Boards of Education of said counties met as a single board on March 31, 1958, and approved the organization as petitioned for, subject to minor changes not important here. It also amended or modified the tentative county plans to conform therewith. A special election under Section 275.18 was called for May 26, 1958. On May 21, 1958 upon the petition of certain individuals, residing within the proposed new district a writ of certiorari was issued and all further proceedings in the matter were temporarily enjoined. Named as defendants therein were County Board of Education of Mitchell County; Ira E. Larson, Sec'y and Exec. officer of said Board, and as County Superintendent of Schools of Mitchell County; County Board of Education of Howard County; Abner A. Hendrickson, Sec'y and Executive officer of said Board and as County Superintendent of Schools of Howard County. On January 30, 1959, the trial court sustained the writ and permanently enjoined each County Board and each County Superintendent from proceeding further in said matter. Thereafter the Mitchell County Board and Ira E. Larson, County Superintendent of Mitchell County gave notice of appeal to this court.
I. At the outset we will consider appellees motion to dismiss the appeal which was filed and argued before this court but ordered to be submitted with the main case. The basis of the motion is that since the two boards acted as a single board, one of the two boards standing alone lacks capacity to appeal. The record shows that a resolution before the joint boards, acting as a single board, that an appeal be taken was defeated. It is conceded that if this was an appeal under Section 275.16, such board had status to appeal under Section 275.8. While this proceedings, being in certiorari, is not governed by Section 275.8, it shows that the legislature in matters arising under said chapter, deemed a single county board, though acting as part of a joint board, to have an appealable interest. Under Chapter 662, Rule 318, R.C.P., 58 I.C.A. an appeal to this court lies from a judgment of the district court in a certiorari proceeding. Under Section 686.4, failure of a codefendant to join in an appeal will not prevent the appeal. As we said in Wall v. County Board of Education, 249 Iowa 209, 215, 86 N.W.2d 231, a complete answer to appellees' contention is the fact that in this proceeding to declare all action of the joint board illegal, the appellants were defendants and as such defendants served notice of appeal upon plaintiffs, appellees. See also, Garberson v. Garberson (Welch v. Garberson), 241 Iowa 713, 42 N.W.2d 391. The motion to dismiss is overruled.
*169 II. The basic issue on this appeal involves the amendment of tentative county plans.
The record shows that after extensive study and planning by the boards of Mitchell and Howard Counties, tentative plans were adopted on December 7, 1957. We think the record shows, and we find nothing in the briefs and arguments to the contrary, that on that date there had been full compliance with Sections 275.1 to 275.5 and 275.8 and 275.9, inclusive. Following the adoption of the tentative plans in December, numerous meetings, 25 to 30 in number, were held in the area surrounding the Riceville School District. In attendance at many of them were the County Superintendents of Mitchell and Howard Counties, as were also some of the members of the County Boards. As a result of these meetings, a petition was filed with the Howard County Superintendent on March 18, 1958, asking for a change of the tentative county plans and the establishment of the Riceville Community School District, which embraced land in both Mitchell and Howard Counties. After due notice and as provided in Section 275.16, the joint boards acting as a single board met on March 31, 1958, to hear objections and rule upon the petition. At that meeting, which lasted until about 2:30 A.M. of April 1, 1958, the joint boards as a single board changed the tentative county plans and established the boundaries of said proposed district, substantially as petitioned for. On April 1, 1958, these two boards met with the boards of Floyd, Chickasaw and Winneshiek Counties, which bordered the proposed district, and full approval was given to the action of the Mitchell and Howard County Boards.
Under the proposed plan some 19,000 acres in Mitchell County were removed from, and some 23,000 acres in Howard County were added to the County plans as adopted on December 7, 1957. While the record shows that between December 7, 1957 and March 31, 1958, when the joint boards met, there had been no official consideration of the proposed change, it appears to have been no secret and was generally discussed throughout the area. It also appears that at the meeting on March 31, 1958, all data gathered and used by the joint boards on December 7, 1957, together with more recent data, was available to each member of the joint boards and they heard and passed upon some 130 objections.
It is plaintiffs', appellees, contention, acquiesced in by the trial court, that the proposed change of county plans went far beyond the intent of Section 275.12 and constituted an entirely new county plan. That the petition should have been dismissed under Section 275.9 for failing to comply with Sections 275.1 to 275.5, inclusive. We find no merit to this contention.
Section 275.16, which deals with proposed reorganizations involving territory in two or more counties, provides "* * * The joint boards acting as a single board shall determine whether the petition conforms to county plans * * *, whether such change should be made, and shall have the authority to change the plans of any or all the county boards affected by the petition, and it shall determine and fix boundaries for the proposed corporation as provided in section 275.15 or dismiss the petition. * * *" It also provides for an appeal to the state department of public instruction and then to the district court.
Section 275.15, provides that the county board shall review the matter on its merits and within five days shall rule on the objections and shall enter an order fixing such boundaries for the proposed school corporation as will in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts or dismiss the petition.
It thus quite clearly appears that the joint boards acting as a single board has authority to amend tentative county plans. It also would appear to be equally clear that in exercising such authority, it exercises a discretion as to whether or not such *170 change is "for the best interests of all parties concerned, having due regard for the welfare of adjoining districts". It being conceded that tentative county plans, as required by Sections 275.1 to 275.5, incl., were adopted on December 7, 1957, it is at least questionable whether Section 275.9 is here applicable. If not, then under the authority of Dempsey v. Alber, 212 Iowa 1134, 236 N.W. 86; Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787, whether certiorari is a proper remedy, quaere.
However, assuming the chosen remedy to be proper, and such question is not here raised by the parties, we think under this record the sustaining of the writ was improper. The legislature has seen fit to vest the joint county boards acting as a single board with authority to change existing tentative county plans. It has not prescribed a set of rules to be followed but has seen fit to leave it to the board to determine for itself whether it has sufficient data before it to enable it to make the change. To say, as did the trial court and as do appellees here, that it could act if the proposed change involved a few acres but could not if it involved many, is to read something into the statute that is not there. Nowhere in this record do we find anything to indicate other than a good faith exercise of a discretion bestowed upon the board by the legislature. It had jurisdiction to act. It acted and while its action may have been erroneous which could be corrected on appeal, as is provided for in Section 275.16, we find no illegality such as to sustain a writ of certiorari. County Board of Education in and for Bremer County v. Parker, 242 Iowa 1, 45 N.W.2d 567; Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787; Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261.
The judgment and decree of the trial court is reversed.
Reversed.
All Justices concur except OLIVER, J., not sitting.