Brighton Independent School District of Washington County et al., appellees, v. County Boards of Education of Keokuk, Jefferson and Washington Counties et al., appellants.

No. 50228.

(Reported in 108 N.W.2d 510)

APRIL 4, 1961.

Norman A. Erbe, Attorney General, Theodor W. Rehmann, Jr., Assistant Attorney General, and Baumert & Gerard, of Sigourney, for appellants.

Swisher & Swisher, of Iowa City, and Willard M. Freed, of Gowrie, for appellees.

HAYS, J.—Appeal under rule 332, R. C. P., from a ruling upon points of law under rule 105, R. C. P. Only a skeleton statement of fact is required.

In 1959 a petition for the organization of a school district to be known as the Lake Darling Community School District, embracing land in Washington, Keokuk and Jefferson Counties, Iowa, was duly filed. The required notices were given. On the date set the county boards of education of the three counties met, as a single board, to hear objections and pass upon the petition. A motion to approve the petition, subject to a slight deletion, was defeated by a vote of 9 to 5. The joint boards recessed for a few days. Upon reconvening a motion to approve the petition, subject to deletions, was defeated by a vote of

9 to 5. The joint boards then adjourned. While there is something said in the arguments about the chairman of said joint boards stating that the petition was dismissed, nothing in the record shows any formal action in that respect.

The matter was taken to the State Department of Public Instruction, under section 275.16, Code 1958, as amended. This department, after a hearing, ruled as a matter of fact the petition had been dismissed by the joint boards, affirmed the decision of the joint boards and dismissed the petition.

Appeal was taken to the district court, section 275.16, where rulings upon points of law were made, which rulings are now here for review by this court. The two law points ruled upon, and here questioned, are: (1) Does failure to approve the petition constitute a dismissal thereof under section 275.16, where no further action is taken? (2) Does the court have the authority to reinstate a petition, on appeal under chapter 275, which has in fact no further legal standing? The court's answer to each question was "no."

I. Appellants urge one proposition as error—error in holding the failure of the joint county boards to approve the petition does not constitute a dismissal as a matter of law on appeal under section 275.16, therefore the State Department lacked jurisdiction.

Section 275.16, Code, 1958, as amended so far as material here, provides: "* * * *The joint boards* acting as a single board shall determine whether the petition conforms to county plans or, if the petition requests a change in county plans, whether such change should be made, and shall have the authority to change the plans of any or all the county boards affected by the petition, and it *shall determine and fix boundaries for the proposed corporation* as provided in section 275.15 [as will in its judgment be for the best interest of all parties concerned, having due regard for the welfare of adjoining districts] *or dismiss the petition.* The county superintendent *shall* at once *publish this decision* * * *.

"In case a controversy arises *from such meeting,* the county board * * * may bring the controversy to the state department of public instruction, as provided in section 275.8, *within twenty*

*days from the publication of this order* \* \* \*. The state department shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interest of all the counties." (Italics ours.)

Brief point (1) of appellant's brief is: A decision by the joint boards is not a condition precedent to the State Department's jurisdiction on a petition for reorganization under section 275.16, Code, 1958, as amended. We do not agree.

■ The entire school structure in this state is statutory including the right of appeal. Likewise, the power of the State Department to entertain a controversy or an appeal from county or joint county boards and the extent of authority to act thereon are statutory. While statutes dealing therewith should be liberally construed with a view to promoting the purpose of the statute, Board of Education (Franklin County) v. Board of Education (Hardin County), 250 Iowa 672, 95 N.W.2d 709, such liberality does not go to the extent of ignoring the words of the statute nor of adding words thereto.

■ A fair, and we think proper, analysis of section 275.16 leads to the conclusion that when and only when the joint boards have reached a final decision may the State Department enter into the controversy. Under this section, the legislature has placed the initial creation of a proposed reorganization of a school district with the county board, section 275.15, or joint county boards, section 275.16, as applicable, and made it their mandatory duty to "establish or dismiss." This view is strengthened by two other provisions in the section. The County Superintendent shall at once publish *this decision*, i.e., "established" or "dismissed." It also provides, "In case a controversy arises *from such* meeting \* \* \* may bring the controversy to the state department \* \* \* *within twenty days from the publication of this order* \* \* \*." (Italics added). Until a final decision is reached by the board or joint boards there is nothing to publish. If this matter is to go before the State Department, the time limit for taking it there dates from the date of the publication of the decision by the County Superin-

tendent. Clearly it was not the intent of the statute that any or all intermediate rulings or order of the boards, over which there was some dissension, might go to the State Department, allowing twenty days time after such ruling for the State Department to assume jurisdiction. Also, attention is called to the difference in the terms used in sections 275.8 and 275.16 relative to the taking of a controversy to the state board. Section 275.8 provides, "In the case of controversy *over the planning* of joint districts, the matter shall be submitted to the state board * * *." Without deciding, this section would seem to contemplate action by the state board to assist the joint boards in their planning in instances where differences arise and does not require final action before the State Department may render advice.

Section 275.16 states, "In case a controversy arises *from such meeting*," which is clearly more limited than in section 275.8, and contemplates a completion of the meeting and after a final decision. In the instant case a vote of 9 to 5 against approving the petition is not a final decision. It neither approves nor dismisses the petition and we hold the State Department of Public Instruction did not have authority under section 275.16 to entertain the matter.

While Anderson v. Hadley, 245 Iowa 550, 556, 557, 63 N.W.2d 234, 238, arose under a chapter of the Code that has been repealed, the wording of the statute involved, section 276.9, was similar to section 275.16, as to the issue here involved. There the board cast a tie vote on a motion to dismiss the petition and then adjourned. The County Superintendent then called a special election, section 276.11, to vote upon the creation of the district. In a certiorari proceedings the trial court annulled the writ and on appeal the cause was reversed. Therein we said:

"Defendant boards failed to perform the mandatory duty so placed upon them. Apparently they made no attempt to fix such boundaries for the proposed district as were in their judgment for the best interests of all concerned. * * *. Because the boundaries were never fixed * * * there was no statutory authority for the superintendent to call the first election."

That case is authority supporting our decision here.

Appellants cite three cases as authority for their proposition. In re Proposed Community Sch. Dist. of Malvern, 250 Iowa 1240, 98 N.W.2d 737, is a case where the board established the district. Board of Directors of Lewis Consol. Sch. Dist. v. Board of Education, 250 Iowa 1107, 97 N.W.2d 166, is a case where the joint boards dismissed the reorganization petition. County Board of Education v. Parker, 242 Iowa 1, 45 N.W.2d 567, involves a dispute over bus routes and after the county board had rendered a decision, the matter was taken to the State Department. The proceedings were under chapter 276, since repealed. It is clear that the cited cases are not in point.

II. Appellants' next brief point is: "If failure by the joint county boards to fix and determine the boundaries takes place and the controversy is taken to the State Department of Public Instruction under section 275.16, Code, 1958, such action constitutes a dismissal as a matter of Law."

It is not claimed that the joint boards officially dismissed the petition. If we understand above brief point, it is claimed that by taking the controversy to the State Department, such taking in itself constitutes a dismissal and confers jurisdiction upon the State Department. In other words, the giving notice of taking the controversy to the State Department fills in the gap and makes final what prior thereto was but an intermediate step. The jurisdiction of the subject matter, the right to hear and pass upon a petition filed under section 275.16, is purely statutory and, as we have stated in Division I hereof, depends upon the decision of the joint boards being a final one. It may not be conferred by consent or action of any party litigant. Jaeger Mfg. Co. v. Massachusetts Bonding & Ins. Co., 229 Iowa 158, 294 N.W. 268; Wilson v. Corbin, 241 Iowa 226, 40 N.W.2d 472. There is no merit to this contention.

Cases cited and relied upon by appellants, i.e., Hubka v. County Board of Education, 251 Iowa 659, 102 N.W.2d 167; Anderson v. Hadley, supra; Wallace v. Independent Sch. Dist., 150 Iowa 711, 130 N.W. 804; State ex rel. Consol. Ind. Sch. Dist. v. Consolidated Ind. Sch. Dist., 190 Iowa 1154, 181 N.W. 495, are not in point on this issue.

The ruling of the trial court is correct and should be and is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.